HAGEDON VS. THE BANK OF WISCONSIN.

RECEIVER — ATTACHMENT. — The property and effects of a bank, after the appointment and qualification of a receiver, are in the custody of the law, and are not subject to attachment, although he may not have reduced them to actual possession.

ERROR to the District Court for *Brown* County.

This action was commenced by an attachment issued out of the clerk's office of the district court for the county of Brown, returnable at the May term, 1840, at the suit of said plaintiff against said defendant. At the May term of said district court the sheriff returned that he had attached certain lands and tenements, goods and chattels, as the property of the Bank of Wisconsin, and that he had summoned Jacob W. Couve, William H. Bruce and Randal Wilcox, as garnishees, etc.

During the said term the cause was called, and the plaintiff, by his attorney, appeared and moved the court that the default of the defendant be entered according to the statute, etc.; whereupon the attorney-general moved the court to quash the attachment, for the reason that it appeared from the return of the sheriff that he attached the effects of the Bank of Wisconsin, all which were under an injunction and in the custody of the law, and therefore not liable to be attached. Upon which said motion the court ruled and adjudged "that, as it appeared a receiver had been appointed to take charge of the effects of the said Bank of Wisconsin for the benefit of the creditors of the said bank, which said

receiver had given bond, which was approved on the 16th November, 1839, and that as this attachment was not issued until November 27, 1839, that therefore the attachment and proceedings be quashed."

*M. L. Martin*, for plaintiff in error, urged the following points:

1. That the property of the Bank of Wisconsin, being in the possession and keeping of the officers and servants of said bank, was liable to be taken in attachment or execution at the suit of any creditor of said bank. 2 Mad. Ch. 188.

2. That the attachment in this case, having issued in conformity to the laws of the Territory, created a prior lien in favor of the plaintiff as against the receiver or any other person who had not made an actual levy or taken the property in custody. *Preston v. Farmers' Bank of Delaware*, 12 Pet. 102; 9 Ves. Jr. 335.

3. That the appointment and qualification of a receiver did not, *per se*, change the right of property or possession of the property of the Bank of Wisconsin.

*H. N. Wells*, attorney-general, contended in reply:

1. If the attachment could be sustained under the circumstances, the effects of the bank might be diverted from their proper disposition. They might not only be misapplied, but greatly sacrificed, and the object of appointing a receiver wholly defeated.

2. The effects of the bank at the time of the attachment were already in the custody of the law for the general benefit of all the creditors of the institution.

MILLER, J. This case was brought up by writ of error to reverse the order of the district court of Brown county, dismissing an attachment that had been sued out of said court by *Luther Hagedon*, this plaintiff, against the *Bank of Wisconsin*. The facts in the case were these. In May, 1839, an injunction had been issued out of the court of chancery of Brown county, and served on said bank. On the sixteenth day of November, of the same

year, the judge of the said court at chambers, appointed Rufus Parks, Esq., to be the receiver of the effects of said bank, for the benefit of the creditors of said bank, and on the same day his bond, with security, conditioned to discharge the duties of his appointment, was approved by the said judge.  On the twenty-seventh day of November, in the same year, this writ of attachment was issued, and, by virtue thereof, the sheriff seized and took into possession personal property of the said bank. At this date the receiver had not reduced any of the funds or effects of said bank into actual possession.

In addition to the general powers of the court of chancery to appoint a receiver in cases of this kind, the court was empowered to do so by an act of assembly of this Territory, authorizing proceedings to be instituted against the bank by injunction, approved March 11, 1839.   In 1 Smith's Ch. Pr. 628, it is laid down that "a receiver appointed by the court is appointed for all parties, and the possession of a receiver appointed in an adversary suit is the possession of him who has the right."   This proceeding seems to have been instituted against the bank for the benefit of its creditors, and the receiver is said, in the opinion of the court below, to have been appointed for their benefit.  He was appointed to take possession of the assets and keep them safe for those legally entitled to them, and he is bound by his bond to account for all the assets of the bank at the date of its execution and approval.  It is clear, then, that the receiver is a mere recipient or trustee of the property, without power to assign it or exercise acts of ownership in respect of it, but those of a bailee, and has but a qualified property in it.  It is no argument in favor of the plaintiff in error that the ownership of the property attached was not divested, if the property were *in gremio legis*, and that it was so, cannot admit of a doubt.  If the charter of the bank should be declared forfeited, it will become necessary to distribute the assets of the bank among its

creditors — to accomplish which, it is absolutely necessary that the law should take possession of the funds. An insolvent law in the State of Maryland provided for the appointment of a provisional trustee, to take possession, for the benefit of the creditors of an insolvent debtor, of all his property, estate, effects, books, papers, accounts, bonds, notes and evidences of debts, pending the application of the insolvent debtor for his discharge. Under this law, the supreme court of Pennsylvania decided in the case of *Mullikin v. Aughenbaugh*, 1 Penn. 117, that a debt due to one who was an applicant in Maryland for the insolvent laws, and for whom a provisional trustee had been there appointed, is not subject to a foreign attachment in Pennsylvania, it being *in gremio legis*. This case is precisely similar to the one under consideration. The case of *Preston v. The Farmers' Bank of Delaware*, that was cited on the argument, from 12 Pet. 102, does not apply. There the property had been levied on by execution before the attachment was issued or the receiver appointed; and the cause turned on the construction of the act of congress of the 3d of March, 1797, giving the United States the preference in cases of insolvency or voluntary assignments of their debtors.

The court is unanimously of opinion that the order of the district court dismissing the attachment in this case was correct, and do order and adjudge that the same be affirmed with costs.